# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

2010 APR -8  PM 3: 64

## SAVANNAH DIVISION

| | | |
|---|---|---|
| Barry Latimer, Individually and as Administrate of the Estate of Jacqueline Latimer, Deceased | | |
| Plaintiff, | | **C V 4 1 0 - 0 8 1** |
| vs. | | Civil Action Number: _____ |
| JULIA F. JOHNSON, M.D. and CURTIS V. COOPER PRIMARY HEALTH CARE, INC. | | |
| Defendants. | | |

## COMPLAINT

COME NOW, BARRY LATIMER, Individually and as Administrate of the Estate of Jacqueline Latimer, Deceased, Plaintiffs in the above-styled action, by through their counsel, Stanley M. Karsman, and file this, their Complaint against Defendant JULIA F. JOHNSON, M.D. and CURTIS V. COOPER PRIMARY HEALTH CARE, INC., and shows this Honorable Court the following:

I.

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Barry Latimer is the Surviving Spouse and  Administrator of the Estate of Jacqueline L. Latimer, deceased. A true and correct copy of the Letters of Administration is

attached hereto as Exhibit "1".

2.

To the extent that O.C.G.A. §9-11-9.2 requires a medical authorization to be attached to the Plaintiffs' Complaint, the Plaintiffs rely upon the decision of the Supreme Court of Georgia which holds that O.C.G.A. §9-11-9.2 is expressly preempted by the Health Information Portability and Accountability Act of 1996. ***Allen v. Wright***, *282 Ga. 9 (2007)*. Accordingly, a medical authorization is not attached to the Plaintiffs' Complaint.

3.

Upon information and belief, Julia F. Johnson, M.D. is a citizen and resident of Chatham County, Georgia and may be served with process by personally serving her at his place of employment located at 106 E. Broad Street, Savannah, Georgia 31401.

4.

Upon information and belief, Curtis V. Cooper Primary Health Care, Inc. is a Georgia corporation organized under and existing by virtue of the laws of the State of Georgia, and at all times relevant herein was engaged in the business of providing medical treatment to the general public. Service should be perfected upon Curtis V. Cooper Primary Health Care, Inc. by serving its registered agent, Leon L. Burton, 106 E. Broad Street, Savannah, Georgia 31401.

5.

This Court has jurisdiction over the Defendants, and over the subject matter of this action pursuant to 28 U.S.C.S. § 1402 (b).

-2-

6.

Defendant Curtis V. Cooper Primary Health Care, Inc., is a Medical Center operated by the Department of Health and Human Services. In operating the Medical Center, holds itself out to the public to use that degree of care, skill, diligence, and attention used by hospitals generally in the community in the care and treatment of patients. The hospital operated by Defendant has in its employ, among others, doctors, nurses, interns, residents, student nurses, nurses aides and other hospital personnel over which it exercises exclusive control and supervision, with the right to employ and discharge such employees.

7.

Plaintiff resides in Wayne County, but the events giving rise to this suit occurred within the Savannah Division, Southern District of Georgia. This Court has venue over this case pursuant to 28 U.S.C.S. § 1402(b).

8.

Prior to the filing of this suit, Plaintiff has notified the Defendants of their claim in a proper and timely manner pursuant to the Federal Tort Claims Act, 28 U.S.C.S. § 2671 *et seq.*, and have exhausted all administrative remedies or conditions precedent to filing suit, in accordance with 26 U.S.C.S. § 2675.

## II.

## FACTS SUPPORTING CAUSES OF ACTION

9.

The Plaintiffs re-allege and incorporate by reference all allegations contained in

Paragraphs 1 through 9 as if fully alleged herein.

10.

Jacqueline Latimer became a patient of Curtis V. Cooper Primary Health Care, Inc. in

November, 2007 and remained a patient of that facility up until the time of her death on

June 2, 2008.

11.

On May 20, 2008, Jacqueline Latimer, at age 40, appeared at Curtis V. Cooper

Primary Health Care, Inc. with shortness of breath upon exertion and she noted that she had

been experiencing this problem for some three weeks.  She was a patient of Julia F. Johnson,

M.D.

12.

Jacqueline Latimer returned to Curtis V. Cooper Primary Health Care, Inc. on May

23, 2008 with her husband, Barry Latimer and at that time she had severe shortness of breath

and it was noted that she was using her accessory muscles to breathe.  Arrangements were

made for her to undergo a cardiac catheterization which she did and which was reported as

being negative for ischemic heart disease.

13.

Jacqueline Latimer was seen again at Curtis V. Cooper Primary Health Care, Inc. on

May 27 and June 2, 2008.  On the last visit it was noted that she was suffering from syncope.

On the evening of June 2, 2008, Jacqueline Latimer died as a result of pulmonary

thromboembolism which had not been diagnosed or treated by Julia F. Johnson, M.D. and

Curtis V. Cooper Primary Health Care, Inc.

## III.

## CAUSES OF ACTION

### 14.

The Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1 through 12 as if fully alleged herein.

### 15.

Defendant Julia F. Johnson, M.D. held herself out to the public generally and to Jacqueline Latimer specifically as a physician competent to provide medical diagnoses and treatment.

### 16.

By undertaking to diagnose and treat Jacqueline Latimer, Defendant Julia F. Johnson, M.D. had a duty to exercise a reasonable degree of care and skill.

### 17.

Defendant Julia F. Johnson, M.D. breached that duty and failed to adhere to the standard of care generally employed in the medical profession under similar conditions and like circumstances by failing to timely diagnose and treat Plaintiff's thromboembolism.

### 18.

As a direct result of these deviations from the usually accepted standard of medical care, Jacqueline Latimer suffered a severe and painful injury which ultimately led to her death. (See Affidavit of Joseph M. Shaughnessy, M.D., attached hereto as Exhibit "2" which

sets forth at least one negligent act against the Defendant as required by O.C.G.A. § 9-11-9.1).

## IV.

## RESPONDEAT SUPERIOR

19.

The Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1 through 18 as if fully alleged herein.

19.

At all times relevant herein, Defendant Julia F. Johnson, M.D. and other medical personnel who were responsible for working up and treating Jacqueline Latimer were employees, agents and/or representatives of Defendant Curtis V. Cooper Primary Care, Inc. and were acting within the scope of their employment, agency, and/or representative capacity.

20.

As such, Defendant Cooper is responsible for the negligent acts and omissions of its employees, agents and representatives.

## V.

## DAMAGES

21.

The Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1 through 20 as if fully alleged herein.

22.

By reason of the aforesaid acts and negligent acts of the Defendants, Barry Latimer, Individually and as Administrator of the Estate of Jacqueline Latimer is entitled to recover special damages as a result of the death of Jacqueline Latimer including medical expenses, expenses of last illness, funeral and related expenses in an amount to be proven at trial.

23.

By reason of the aforesaid facts and negligent acts of the Defendants, Plaintiff Barry Latimer, Individually and as Temporary Administrator of the Estate of Jacqueline Latimer, deceased is entitled to recover damages for Jacqueline Latimer's pre-death pain and suffering in an amount to be determined by a jury.

24.

By reason of the aforesaid facts and negligent acts of the Defendants, Plaintiff, Barry Latimer, Individually and as Temporary Administrator of the Estate of Jacqueline Latimer, deceased is entitled to recover an amount sufficient to fully compensate for the life of Jacqueline Latimer, deceased, as shown by all of the evidence.

25.

Plaintiff seeks a verdict and judgment against the Defendants for the claims as set forth herein in an amount in excess of Ten Thousand and 00/100ths ($10,000.00) Dollars.

WHEREFORE, Plaintiff prays:

A)      For summons and process to be issued and served upon the Defendant;

B)      For actual and general damages in an amount in excess of Ten Thousand and

-7-

00/100ths ($10,000.00) Dollars against the Defendants, jointly and severally;

C)      For trial by jury; and

D)      For such other and further relief as this Court deems proper.

Respectfully submitted, this ___ day of April, 2010.

                              STANLEY M. KARSMAN, LLC


                              _____
                              STANLEY M. KARSMAN
                              Attorney for Plaintiff
                              Georgia Bar Number: 408400

304 East Bay Street (31401)
P.O. Box 10600
Savannah, GA 31412
Telephone:     (912) 231-1140
Facsimile:     (912) 231-9157

# EXHIBIT "1"

STATE OF GEORGIA

COUNTY OF WAYNE

## LETTERS OF ADMINISTRATION
(Bond Waived and/or Certain Powers Granted at Time of Appointment)

By CHRISTINE BURCH, Judge of the Probate Court of said County.

WHEREAS, <u>JACQUELINE LOUISE LATIMER</u> died intestate (check one:)

    ✓    domiciled in this County;
    _____ not domiciled in this State, but owning property in this County;

and this Court granted an order appointing Barry Latimer as Administrator(s) of the estate of said decedent, on condition that said Administrator(s) give oath as required by law; and the said Administrator(s) having complied with said condition; the Court hereby grants unto said Administrator(s) full power to collect the assets of said decedent, and to pay the debts of said estate, so far as such assets will extend, according to law, and then to pay over the balance, if any, to the heirs of said decedent, and to do and perform all other duties as such Administrator(s), according to the laws of this State.  In addition, this Court has:

    (Initial all which apply:)

*CB* a. waived the bond of the Administrator(s) and granted to the Administrator(s) the power to serve without filing an inventory, and without filing any annual or other returns or reports to any court; but the fiduciary shall furnish to the income beneficiaries, at least annually, a statement of receipts and disbursements.

*CB* b. granted to the Administrator(s) all of the powers contained in O.C.G.A. §53-12-232 not included in (a) above.

    IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court of said County and the seal of this office this 1st day of August, 2008.

                                Judge Probate Court

NOTE:    The following must be signed if the judge does not sign the original of this document:

Issued by:

_____
Clerk, Probate Court

                                 (Seal)

**GEORGIA, WAYNE COUNTY**

**IN THE PROBATE COURT OF SAID STATE AND COUNTY:**


I, Hope S. Cunningham, Clerk of the Probate Court of said state and county do hereby certify that the attached and foregoing one (1) page of typewritten matter contains a full, true and complete copy of the Letters of Administration issued to Barry Latimer, as Administrator on the estate of Jacqueline Louise Latimer, deceased, as the same appears as record and file in this office.

Given under my hand and official seal of said office, this the 1st day of August, 2008.


Hope S. Cunningham
Clerk, Probate Court
Jesup, Wayne County, Georgia

# EXHIBIT "2"

STATE OF FLORIDA     )
                              )
COUNTY OF CLAY     )

## AFFIDAVIT OF JOSEPH M. SHAUGHNESSY, M.D.

COMES NOW, JOSEPH M. SHAUGHNESSY, M.D., who after being duly sworn before an officer authorized to administer oaths, deposes and states as follows:

1.

I am over the age of 18 and give this Affidavit of my own personal knowledge.

2.

I am a physician licensed to practice medicine in the State of Florida and was so licensed at the time at which the negligent acts or omissions described herein occurred. I am Board certified by the American Board of Family Physicians, a true and correct copy of my Curriculum Vitae is attached here to as Exhibit "A".

3.

I have reviewed copies of the following medical records in relation to the medical care and treatment received by Jacqueline Latimer:

A)   Office chart of Curtis V. Cooper Primary Health Care, Inc.;

B)   Office chart of Savannah Cardiology; and

C)   Autopsy report dated August 13, 2008 by Jamie Downs, Regional Medical Examiner.

4.

Through education, training and experience, I am familiar with the standard of

Court of Georgia which holds that O.C.G.A. §9-11-9.2 is expressly preempted by the Health Information Portability and Accountability Act of 1996. Allen v. Wright, 282 Ga. 9 (2007). Accordingly, a medical authorization is not attached to the Plaintiffs' Complaint.

**3.**

Upon information and belief, Julia F. Johnson, M.D. is a citizen and resident of Chatham County, Georgia and may be served with process by personally serving her at his place of employment located at 106 E. Broad Street, Savannah, Georgia 31401.

**4.**

Upon information and belief, Curtis V. Cooper Primary Health Care, Inc. is a Georgia corporation organized under and existing by virtue of the laws of the State of Georgia, and at all times relevant herein was engaged in the business of providing medical treatment to the general public. Service should be perfected upon Curtis V. Cooper Primary Health Care, Inc. by serving its registered agent, Leon L. Burton, 106 E. Broad Street, Savannah, Georgia 31401.

**5.**

This Court has jurisdiction over the Defendants, and over the subject matter of this action.

**6.**

Venue for this action lies within Chatham County, Georgia.

care generally employed in the medical field of family practice and internal medicine.

5.

In accordance with the provisions of O.C.G.A. § 24-9-67.1, at the time at which the negligent acts and omissions described herein occurred, I had actual professional knowledge and experience in the medical field of family practice medicine as a result of having been regularly engaged in the active practice of family medicine for at least three of the last five years in diagnosing the condition and/or rendering the treatments which were performed or rendered negligently by the physician whose conduct is herein described.

6.

Based upon my review of the above described medical records, it is my opinion that, within a reasonable degree of medical probability, Julia F. Johnson, M.D. and other medical personnel employed by Curtis V. Cooper Primary Health Care, Inc. deviated from the appropriate standard of medical care in their care and treatment of Jacqueline Latimer by failing to appropriately consider the diagnosis of pulmonary thromboembolism, failing to perform appropriate studies to help render that diagnosis, and failing to appropriately hospitalize and treat Jacqueline Latimer for pulmonary thromboembolism.

7.

As a direct result of the deviations from the usually accepted standard of medical care, Jacqueline Latimer expired on June 2, 2008.

8.

The opinions expressed herein are the product of reliable principals and methods developed as a result of my actual professional knowledge, experience, education and training in the field of family practice medicine. Furthermore, I applied said principals and methods reliably to the facts of this case in reaching the opinions expressed herein.

9.

This Affidavit is given in conformance with the provisions of O.C.G.A. § § 9-11.91 and 24-9-67.1 and is not dispositive of all my opinions relative to this case. I reserve the right to modify, add to or to delete criticisms as additional information becomes available.

FURTHER AFFIANT SAYETH NAUGHT.

This _10th_ day of ___December___, 2008.

JOSEPH M. SHAUGHNESSY, M.D.

Sworn to and subscribed
before me this _10th_ day
of ___DECEMBER___, 2008.

NOTARY PUBLIC



Notary Public State of Florida
James P Marzac
My Commission DD746286
Expires 01/06/2012

# CURRICULUM VITAE

## Joseph M. Shaughnessy MD

**Current Position and Address:**
Family Physician
Neurotech Inc.
930 Kingsley Avenue
Orange Park FL 32003

**Education:**

| | |
|---|---|
| Aug 1999- June 2000 | Fellowship in Faculty Development, University of North Carolina, Chapel Hill NC. |
| July 1994- June 1996 | Residency in Family Practice, Associate Chief Resident, Navel Hospital Jacksonville FL. |
| Oct 1991- Apr. 1992 | Navy Flight Surgery, Naval Aerospace Medical Institute, Pensacola, FL. |
| July 1990- June 1991 | Internship in Family Practice, Naval Hospital Jacksonville, FL. |
| May 1990 | MD, Uniformed Services University of the Health Sciences, Bethesda, MD. |
| May 1985 | B.S., Physical Therapy, Northeastern University, Boston, MA. |

**Professional Experience:**

| | |
|---|---|
| Sept 2004- present | Family Physician, Neurotech Inc. Orange Park FL. |
| Feb 2003- Aug 2004 | Department Head Ambulatory Services Center, Naval Hospital Guantanamo Bay Cuba. |
| Nov 1998- Feb 2003 | Team Leader, Clinic Business Manager/ Assistant Department Head, Family Practice Department, Naval Hospital Jacksonville, FL Assistant Professor of Family Medicine, F. Edward Hebert School of Medicine, Uniformed Services University of the Health Sciences. |
| July 1997- Nov. 1998 | Senior Medical Officer and Clinical Services Dept. Head, Branch Medical Clinic, Mayport FL. |
| Oct. 1996- July 1997 | Staff Family Physician, Naval Hospital Beaufort, S.C. |
| July 1996- Oct. 1996 | Staff Family Physician, Naval Hospital Jacksonville, FL. |
| June 1993- Dec. 1994 | Adjunct Professor, College of Health Sciences, University of North Florida, Jacksonville, FL. |
| April 1992- June 1994 | Naval Flight Surgeon, Mayport Naval Station, Jacksonville, FL. |
| July 1991- Oct. 1991 | General Medical Officer, Cecil Field Naval Air Station, Jacksonville, FL. |
| June 1985- July 1986 | Registered Physical Therapist, The Soldier's Home, Chelsea, MA. |



EXHIBIT
A

**Licensure and Certification Courses:**
Florida Medical License: ME0061407 (exp Jan 2011)
Diplomat American Board of Family Physicians, cert: 1996
Advanced Cardiac Life Support
Advanced Trauma Life Support
Advanced Life Support in Obstetrics
Pediatric Advanced Life Support
Neonatal Resuscitation Program Provider

**Honors and Awards:**
Navy Commendation Medal (3 Awards)
Navy Achievement Medal (4 Awards)
1994 Commander Naval Aviation Atlantic Fleet, Flight Surgeon of the Year
1994 Richard E. Leuhrs Memorial US naval Operational Flight Surgeon of the Year
National Defense Medal (2 Awards)
Meritorious Unit Commendation
Navy Expert Rifle Medal
Navy Expert Pistol Medal

**Teaching Experience:**
Team Leader Naval Hospital Jacksonville Family Practice Residency.
Adjunct Professor, College of Health Sciences, University of North Florida.
Associate Chief Resident Naval Hospital Jacksonville, Family Practice Residency.

**Committee Assignments and Administrative Experience:**
Director of Emergency Services, Naval Hospital Guantanamo Bay, Cuba
Executive Committee of the Medical Staff, Naval Hospital Jacksonville
Quality Improvement Subcommittee of ECOMS, Jacksonville
Committee for the Protection of Human Subjects
Assistant Director of the Nursery Naval Hospital Jacksonville
Vice President of the Medical Corps/Dental Mess
Project Director for PDA Applications
Family Practice Clinic Manager/ Assistant Department Head
Senior Medical Officer, Branch Medical Clinic Mayport FL.
Coordinator Annual Quality Improvement Symposium

**Scholarly Works:**
Presentations: Annual Scientific Assembly of the USAFP, April 2002.
        San Diego CA. "Woman and Stress in Navy Family Practice Programs."
        Society of Teachers of Family Medicine Regional Meeting. Charleston SC
        Symposium: "A Model for Teaching Research and Publishing to First Year Family Medicine
        Residents."
Publications: "Medical Management of Acute Appendicitis; a case study"
        J AM Board of Fam Pract. 2001 May- Jun 14 (3) 225-6, Groetsch SM, Shaughnessy JM
        "Practical Therapeutics: Management of Irritable Bowel Syndrome"
        Cover Article: American Family Physician, DEC2002. Viera AJ, Hoag S, Shaughnessy JM

# THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | |
|---|---|
| Barry Latimer, Individually and as Administrate of the Estate of Jacqueline Latimer, Deceased<br><br>Plaintiff,<br><br>vs.<br><br>JULIA F. JOHNSON, M.D. and CURTIS V. COOPER PRIMARY HEALTH CARE, INC.<br><br>Defendants. | Civil Action Number: _____ |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT JULIA F. JOHNSON, M.D.

**COMES NOW** the Plaintiff in the above-styled case, and requires Defendant Julia F. Johnson, M.D. to answer under oath and in writing the following interrogatories, pursuant to O.C.G.A. §9-11-33 within forty-five (45) days from the date of service hereof.

**NOTE A:** When used in these interrogatories, the phrases "Defendant", "individual in question", "you", or any synonym thereof are intended to and shall embrace and include, in addition to Defendant, individually, Defendant's attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant.

**NOTE B:** Throughout these interrogatories, wherever Defendant is requested to

identify a communication or any type and such communication was oral, the following information should be furnished with regard to each such communication:

    (a)    By whom it was made, and to whom;

    (b)    The date upon which it was made;

    (c)    Who else was present when it was made;

    (d)    Whether it was recorded or described in any writing of any type, and if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:**    Throughout these interrogatories, wherever Defendant is requested to identify a communication, letter, documents, memorandum, report, or record of any type and such communication was written, the following information should be furnished:

    (a)    A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

    (b)    By whom it was made and whom it was addressed;

    (c)    The date upon which it was made; and

    (d)    The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

identify a person, the following information should be furnished:

    (a)    The person's full name;

    (b)    His or her present home and business address and telephone number at each address;

    (c)    His or her occupation; and

(d)     His or her place of employment.

**NOTE E:**     These interrogatories shall be deemed continuing to the extent required by law. You are required to (1) reasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to testify and the substance of his testimony; (2) amend any prior response if you subsequently learn that the original response was incorrect or if you learned that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment; and (3) provide such other supplementary responses required by law.

1.     State your name, age, date of birth, social security number, present home address, marital status, and any other names by which you have been known.

2.     Please set forth your educational background, including the inclusive dates of attendance at each institution, the general course of studies, and the degree, if any, received.

3.     Please state the name and address of your employer and the length of time you have been so employed. If you are employed by a corporation, state the names, addresses and telephone numbers of the officers, directors and the registered agent.

4.     Please list all states in which you have ever held a license to practice medicine, and the current status of each such license.

5.     Do you confine your practice to any specialty? If so, state the name of each such specialty and the inclusive dates that you have so practiced.

6.     With regard to the specialty set forth in the preceding interrogatory, please state, relative to your training in this medical specialty, the name and address of each institution where

you received any training relating to your specialty, the inclusive dates of this training, a description of the training program and the length of time spent in pain said program.

7.      Do you have staff privileges or association with any hospital or other medical care facility? If so, state the name, address, nature of your relationship to said hospital or institution, a description of each staff privilege granted and the dates that such privileges were held.

8.      Have you ever written or contributed to a medical paper, article or textbook? If so, for each please state its title, whether you were an author or co-author, date of publication, and the name and address of the publisher.

9.      Are you Board Certified in any specialty?  If so, please identify the specialty and date(s) on which such certification was granted.

10.     Have you ever had your medical license and/or privileges at any hospital or health care facility questioned, suspended, revoked, curtailed or otherwise modified or changed? If so, describe and explain in detail.

11.     Have you ever been placed on probation at any hospital or healthcare facility or otherwise had your practice suspended or monitored?  If so, describe and explain in detail.

12.     Have you ever been treated for drug or alcohol addiction?  If so, please state location and dates of treatment.

13.     Have you ever been arrested or accused or convicted of any crime, misdemeanor or other public offense, excluding minor traffic violations?  If so, list each offense separately, stating the nature of the offense, the date and place of each arrest, accusation or conviction.

14.     Please state in detail the entire conversation(s) you had with Jacqueline Latimer or any of her relatives, at all times relevant to the Plaintiff's Complaint; the time and place of any

conversation(s); and whether the conversation(s) was in person, by telephone or by other means.

15.    Did you consult with any other medical doctor or health care provider about Jacqueline Latimer's condition at any time relevant to the Plaintiff's Complaint?   If so, please state the name and address of each such doctor or health care provider, and state in detail the date, time and substance of each and every conversation.

16.    During your treatment of Jacqueline Latimer, at all times relevant to the Plaintiff's Complaint, state in detail what you did, what your examination and testing revealed, and what you informed and discussed with Jacqueline Latimer, and/or other members of her family concerning your diagnosis, treatment and prognosis.

17.    Have you ever been a plaintiff or defendant in a civil lawsuit and/or had any claim made against you prior to the institution of this action? If so, state the names of the parties to the lawsuit and/or claim, the court in which the lawsuit was filed, the date of filing, the nature of the litigation, and the ultimate resolution of the action, i.e., any amounts paid in settlement or any amounts rendered in judgment.

18.    As to any policy of liability insurance which would or might inure to the benefit of the Plaintiff herein by providing for payment of a part of or all of any judgment rendered in favor of the Plaintiff against any Defendant, please state the name and address of the insurer of each such policy, the name and address of each insured on each such policy, the policy number of each such policy, and the limits of liability in such policy as same might apply to the Plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident.

19.    State the name, address and telephone number of all persons whom you expect

to call or may call as an expert witness at trial. With respect to each such person, please state:

    (a)    The specific subject matter on which you expect such expert to testify;

    (b)    The substance of the facts, opinions and conclusions to which you expect such expert to testify;

    (c)    A summary of the factual grounds for each such opinion or conclusion;

    (d)    Whether any such person has prepared or provided you with a written or recorded statement or report concerning their investigation, and if so, the name and address of all persons who have a copy of each such report or statement.

20.    What are the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons having knowledge of relevant information, facts or circumstances in this case, known to you?

21.    What are the names, addresses, home telephone numbers, places of employment, job titles or capacities and present whereabouts of all persons who have given written (or verbal reduced to writing) statements covering the facts and circumstances in the incident which is the subject matter of this litigation, listing for each such statement the date of same and by whom statement was given?

22.    Do you, or does anyone acting in your behalf, have or know of any photographs, diagrams, sketches or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint? If so, identify same with sufficient particularity to satisfy a Request for Production of Documents.

23.    Please state in detail the factual and legal basis for each and every defense you raised in your answer to Plaintiff's Complaint.

24.    Do you contend that any person, firm, physician, nurse, staff member, or

corporation other than you was responsible in whole or in part for causing or contributing to the cause of the injuries and death of Jacqueline Latimer by actions undertaken or by failures to act, and if so, for each such person, please state his, her or its name, address and job title or capacity, the relevant facts upon which you base your contention with respect to each such person, and identify any relevant documents that support or form the basis of your contention.

Respectfully submitted, this ⌇ day of April, 2010.

STANLEY M. KARSMAN, LLC

_____
STANLEY M. KARSMAN
*Attorney for Plaintiff*
*Georgia Bar Number: 408400*

*304 East Bay Street (31401)*
*P.O. Box 10600*
*Savannah, GA 31412*
*Telephone:        (912) 231-1140*
*Facsimile:         (912) 231-9157*

# THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

Barry Latimer, Individually and
as Administrate of the
Estate of Jacqueline Latimer,
Deceased

Plaintiff,

vs.                                                    Civil Action Number: _____

JULIA F. JOHNSON, M.D. and
CURTIS V. COOPER PRIMARY
HEALTH CARE, INC.

Defendants.

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JULIA F. JOHNSON, M.D.

COMES NOW the Plaintiff in the above-styled case, and requires Defendant Julia F. Johnson, M.D., pursuant to O.C.G.A. § 9-11-34, to produce for inspection and copying at the offices of the Plaintiff's attorney of record, Stanley M. Karsman, 304 East Bay Street, Savannah, Georgia 31401, the following documents within forty-five (45) days of the date of service of this request.

Plaintiff requests that, along with the production of documents, a written response be made detailing the documents produced and any documents covered by these requests which the Defendant objects to producing.

NOTE A:     These requests are continuous and should be supplemented if additional

information is received at a later date.

NOTE B:    If documents requested are not in the Defendant's possession, please state as follows:

(1)    name of person who has possession or knowledge of whereabouts;

(2)    business address of such;

(3)    business telephone number of such.

NOTE C:    If you claim that a privilege applies to any document sought by this request, then state the factual and legal basis for the claimed privilege and identify the document (by date, author, recipient, general subject matter) so that it can be described in a motion to compel.

1.    A copy of your current curriculum vitae.

2.    The original or a certified copy of your complete file or office records regarding Jacqueline Latimer, including but not limited to medical records, X-rays, "new patient" information sheets, billing documents, correspondence, notes, memorandums, lab reports, etc., or any other records you referenced in response to Plaintiff's First Interrogatories to Defendant Julia F. Johnson, M.D.

3.    The original or a certified copy of each and every policy of liability insurance identified in your response to Plaintiff's First Interrogatories to Defendant Julia F. Johnson, M.D.

4.    A copy of each and every written or recorded statement or report concerning the investigation of each expert witness expected to be called as an expert upon the trial of this

matter, said written or recorded statement or report being more fully described in your responses to Plaintiff's First Interrogatories to Defendant Julia F. Johnson, M.D.

5. The original or certified copy of each and every written statement or transcript of recorded statements relevant to the facts and/or circumstances of the incident which is the subject matter of this litigation, as described in your responses to Plaintiff's First Interrogatories to Defendant Julia F. Johnson, M.D.

6. The original or duplicated/reprinted copy of each and every photograph, diagram, sketch or other pictorial representation concerning the events and happenings alleged in Plaintiff's Complaint which are available to you, said items being described more fully in your responses to Plaintiff's First Interrogatories to Defendant Julia F. Johnson, M.D.

7. The original or a certified copy of any contract, stock subscription or agreement evidencing any relationships described in your responses to Plaintiff's First Interrogatories to Defendant Julia F. Johnson, M.D. and the obligation of each party thereto.

8. The original or duplicated/reprinted copy of each and every document you possess relating to any meeting/investigation described in your responses to Plaintiff's First Interrogatories to Defendant Julia F. Johnson, M.D.

[SIGNATURE ON FOLLOWING PAGE.]

Respectfully submitted, this ____ day of April, 2010.

STANLEY M. KARSMAN, LLC


STANLEY M. KARSMAN
*Attorney for Plaintiff*
*Georgia Bar Number: 408400*

*304 East Bay Street (31401)*
*P.O. Box 10600*
*Savannah, GA 31412*
*Telephone:      (912) 231-1140*
*Facsimile:      (912) 231-9157*

## THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

Barry Latimer, Individually and
as Administrate of the
Estate of Jacqueline Latimer,
Deceased

Plaintiff,

vs.

JULIA F. JOHNSON, M.D. and
CURTIS V. COOPER PRIMARY
HEALTH CARE, INC.

Defendants.

Civil Action Number: _____

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CURTIS V. COOPER PRIMARY HEALTH CARE, INC.

COMES NOW, the Plaintiff in the above-styled case, and requires Defendant Curtis V. Cooper Primary Health Care, Inc., pursuant to O.C.G.A. § 9-11-34, to produce for inspection and copying at the offices of the Plaintiff's attorney of record, STANLEY M. KARSMAN, 304 East Bay Street, Savannah, Georgia 31401, the following documents within forty-five (45) days of the date of service of this request.

Plaintiff requests that, along with the production of documents, a written response be made detailing the documents produced and any documents covered by these requests which the Defendant objects to producing.

NOTE A:     These requests are continuous and should be supplemented if

additional information is received at a later date.

NOTE B:   If documents requested are not in the Defendant's possession, please state as follows:

(1)   name of person who has possession or knowledge of whereabouts;

(2)   business address of such;

(3)   business telephone number of such.

NOTE C:   If you claim that a privilege applies to any document sought by this request, then state the factual and legal basis for the claimed privilege and identify the document (by date, author, recipient, general subject matter) so that it can be described in a motion to compel.

1.   The original or certified copy of your complete administrative file, if any, regarding Jacqueline Latimer, including but not limited to: all medical records, billings, papers, correspondence or notes of any sort concerning this Defendant's care or association with Jacqueline Latimer at any time.

2.   The original or a certified copy of each and every policy of liability insurance identified in your response to Plaintiff's First Interrogatories to Defendant Curtis V. Cooper Primary Health Care, Inc.

3.   A copy of each and every written or recorded statement or report concerning the investigation of each expert witness expected to be called as an expert upon the trial of this matter, said written or recorded statement or report being more fully described in your response to Plaintiff's First Interrogatories to Defendant Curtis V. Cooper Primary Health Care, Inc.

4.      The original of each and every written statement or transcript of recorded statements which cover the facts and/or circumstances of the incident which is the subject matter of this litigation, said statements being more fully described in your response to Plaintiff's First Interrogatories to Defendant Curtis V. Cooper Primary Health Care, Inc.

5.      The original or duplicated/reprinted copy of each and every photograph, diagram, sketch or other pictorial representation concerning the events and happenings alleged in Plaintiff's Complaint which are available to this Defendant.

6.      Any written policies, procedures, guidelines and "standing orders" or protocols for evaluation of patients with the complaints noted by Jacqueline Latimer on or after November 1, 2007.

7.      Copies of any and all guidelines, rules, regulations and procedures from November 1, 2007 or thereafter which would apply directly or indirectly to the assessment, diagnosis, treatment, and monitoring of Jacqueline Latimer.

8.      The original or duplicate/reprinted copy of the personnel file and/or credentialing file of any employees or agents who treated Jacqueline Latimer.

9.      The original or certified copy of any document that in any way relates to, is depended upon, or is referred to by any answer to Plaintiff's First Interrogatories to Defendant Curtis V. Cooper Primary Health Care, Inc.

10.     The original or duplicated/reprinted copy of each and every document you possess relating to any meeting/investigation described in your response to Plaintiff's First Interrogatories to Defendant Curtis V. Cooper Primary Health Care, Inc.

11.     The original or duplicated/reprinted copy of any and all incident reports

prepared as a result of the incident(s) complained of the Plaintiff's Complaint.

Respectfully submitted, this _____ day of April, 2010.

STANLEY M. KARSMAN, LLC


STANLEY M. KARSMAN
*Attorney for Plaintiff*
*Georgia Bar Number: 408400*

*304 East Bay Street (31401)*
*P.O. Box 10600*
*Savannah, GA 31412*
*Telephone:        (912) 231-1140*
*Facsimile:        (912) 231-9157*

# THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | | |
|---|---|---|
| Barry Latimer, Individually and as Administrate of the Estate of Jacqueline Latimer, Deceased | | |
| **Plaintiff,** | | |
| **vs.** | | Civil Action Number: _____ |
| JULIA F. JOHNSON, M.D. and CURTIS V. COOPER PRIMARY HEALTH CARE, INC. | | |
| **Defendants.** | | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT CURTIS V. COOPER PRIMARY HEALTH CARE, INC.

COMES NOW, the Plaintiff in the above-styled case, and requires the Defendant Curtis V. Cooper Primary Health Care, Inc. to answer under oath and in writing the following interrogatories, pursuant to O.C.G.A. § 9-11-33 within forty-five (45) days from the date of service hereof.

**NOTE A:**    When used in these interrogatories, the phrases "Defendant", "individual in question", "you", or any synonym thereof are intended to and shall embrace and include, in addition to Defendant, individually, Defendant's attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of

Defendant.

**NOTE B:**     Throughout these interrogatories, wherever Defendant is requested to identify a communication or any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a)     By whom it was made, and to whom;

(b)     The date upon which it was made;

(c)     Who else was present when it was made;

(d)     Whether it was recorded or described in any writing of any type, and if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:**     Throughout these interrogatories, wherever Defendant is requested to identify a communication, letter, documents, memorandum, report, or record of any type and such communication was written, the following information should be furnished:

(a)     A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

(b)     By whom it was made and whom it was addressed;

(c)     The date upon which it was made; and

(d)     The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:**     Throughout these interrogatories, wherever Defendant is requested to identify a person, the following information should be furnished:

(a)    The person's full name;

(b)    His or her present home and business address and telephone number at

each address;

(c)    His or her occupation; and

(d)    His or her place of employment.

**NOTE E:**    These interrogatories shall be deemed continuing to the extent required

by law.  You are required to (1) reasonably supplement any response directed to the identity

and location of persons having knowledge of discoverable matters as well as the identity of

each person expected to testify and the substance of his testimony; (2) amend any prior

response if you subsequently learn that the original response was incorrect or if you learned

that although correctly made, the original response is no longer true and the circumstances

are such that a failure to amend the response is, in substance, a knowing concealment; and

(3) provide such other supplementary responses required by law.

1.    Please state the full name, current residence address, business address, age,

date of birth, social security number, and occupation of the person answering these

interrogatories on behalf of this Defendant.

2.    State the name, home address, business address, and job title of all witnesses

known to Defendant who:

(a)    Worked at or were present at Curtis V. Cooper Health Care, Inc. from

November 1, 2007 through June 2, 2008 and who have knowledge of

any relevant facts or information regarding the care, treatment and

condition of Jacqueline Latimer.

(b)     Have knowledge of any relevant information, facts, or circumstances involved in this case whose names have not been given in subparagraph (a) above.

3.     During Jacqueline Latimer's treatment at Curtis V. Cooper Health Care, Inc., do you know of any photographs, motion pictures, videotapes, drawings, etc. which were made or obtained (at any time) of Jacqueline Latimer or any other person, place or thing relevant to any issue in this case. If so, then, please identify and describe such items, state the name and address of the person who has custody and/or control of the same, when such items were made, and identify the person or persons who made or took them.

4.     If any statements (whether written, oral, recorded or otherwise) were obtained from any person (including the Plaintiff, Jacqueline Latimer, or Defendant in this action) in connection with the incident complained of in this case, please identify and state the names and addresses of all persons giving such statements, the dates given, the person who took any such statements, and the persons who presently have custody and/or control of the same.

5.     As to each person whom this Defendant expects to call as an expert witness at the trial, please identify by giving the following:  His or her name, area of expertise or specialty, office address, residence address, office telephone number and residence telephone number; the subject matter upon which each is expected to testify; and the substance of the facts and opinions to which each is expected to testify, and a summary of the grounds for each such opinion.

6.     With respect to any book, textbook, treatise or article which you or those expert witnesses who will or may be called to testify for you have read, considered, used, will

rely upon or will use or present at trial in support of any testimony or opinions concerning relevant facts or matters at issue in this case, please state the name of the publication, the article, the author, the publisher and the date and volume number of the publication and article.

7.     Please identify each document which you claim supports relevant facts or contentions made by this Defendant in this case.

8.     Please identify and describe each drawing, model, photograph, videotape or other relevant depiction or item of documentary evidence which has been obtained or prepared by or on behalf of this Defendant for use at trial, or alternately, each such item which will be used at trial, and with respect to each such item, please identify those persons who: suggested preparation or use of such item; prepared such items; supervised in any way the preparation of such items; and with respect to each such item, state the date or approximate dates the events identified above occurred.

9.     Please identify and give the name, home address, business address, telephone number, occupation and job title of each nurse, doctor or other person employed by Curtis V. Cooper Primary Health Care, Inc. who participated in the care, observation, monitoring, diagnosis and/or treatment of Jacqueline Latimer  and provide a brief description of their participation in that regard.

10.     Has this Defendant ever had a claim made against it or presented to it for any matter arising out of the care and treatment of any patient in the past five (5) years?  If the answer is in the affirmative, for each such claim, state the following: the date and place it was made; the name and address of the person or persons who made it; the basis of the claim,

indicating the type and extent of the injury or damages claimed; the outcome of each such claim; and whether a lawsuit was filed, and, if so, the name of the Plaintiff's attorney, the court in which it was filed, and its disposition.

11.     Please describe by name, address and telephone number any doctors hospitals, medical service providers, or other persons or entities who provided services to or have information about Jacqueline Latimer from whom you or your representatives have requested, obtained or received any information, documents and/or records, stating the date and manner in which such information, documents and/or records were requested, by whom such request was made, from whom such documents were requested, and the date and method by which the same were obtained and received.

12.     Please state whether or not this Defendant was covered by any liability insurance policy, whether primary or excess coverage, for any claims arising out of the incident described in Plaintiff's Complaint and, if so, please state the name of each such company, their address, telephone number, the policy number or numbers, the named insured of each such policy, the amount of liability coverage under each policy, whether the company has been notified of Plaintiff's claim, whether defense of this action has been tendered by such company, and that company's response to such notifications.

13.     Do you contend that any person, firm, physician, nurse, staff member, or corporation other than this Defendant was responsible in whole or in part for causing or contributing to the death of Jacqueline Latimer, whether by actions undertaken or by failures to act, and if so, for each such person, please state his, her or its name, address and job title or capacity, the relevant facts upon which you base your contention with respect to each

such person, and identify any relevant documents that support or form the basis of your contention.

14.     Was any meeting held at which any occurrence complained of in this action was reviewed or discussed?  If so, for each meeting state the date and place it was held; the purpose for which it was held; the name and address of each person present; the purpose for which it was held; an account of the discussion held in connection with each occurrence complained of in this action; and whether any written memoranda or minutes were made.

15.     Which employee(s) of Defendant were present during and were witnesses to any visit by any physician/physician assistant,  nurse or other practitioner who examined or visited with Jacqueline Latimer at Curtis V. Cooper Primary Health Care, Inc. from November 1, 2007 through June 2, 2008 ?  If any person(s) so identified no longer works for this Defendant, please give their full name, last known address (home and business) and current phone number.

Respectfully submitted, this ___ day of April, 2010.

STANLEY M. KARSMAN, LLC

_____
STANLEY M. KARSMAN
*Attorney for Plaintiff*
*Georgia Bar Number: 408400*

*304 East Bay Street (31401)*
*P.O. Box 10600*
*Savannah, GA 31412*
*Telephone:      (912) 231-1140*
*Facsimile:      (912) 231-9157*